

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 1140 | **DATE** | 5/30/2002 |
| **CASE TITLE** | USA ex rel CEDELL DAVIS vs. HOLMES | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Petitioner's amended petition for a writ of habeas corpus is denied. This action is dismissed in its entirety. All other pending motions are moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAY 31 2002 date docketed | | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 5/30/2002 date mailed notice | | |
| JS | courtroom deputy's initials | 02 MAY 30 PM 12: 02 Date/time received in central Clerk's Office | JS mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.     )
    CEDELL DAVIS                       )
        Petitioner,            )
                              )
    v.                           )    02 C 1140
                              )
MICHAEL HOLMES,           )
        Respondent.         )
                              )

DOCKETED
MAY 31 2002

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Petitioner Cedell Davis ("Davis") filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 25, 2001. On May 18, 1998, following a bench trial in the Circuit Court of Cook County, Davis was found guilty of second degree murder and was ultimately sentenced to 18 years in the Illinois Department of Corrections. Davis is currently in the custody of respondent Michael L. Holmes, Warden of Big Muddy Correctional Center, Ina, Illinois, and is identified as prisoner number A- 71995. Davis' amended petition for writ of habeas corpus contains six claims for relief. For all the following reasons, Davis' amended petition for habeas relief is denied.

## PROCEDURAL HISTORY

Davis appealed his conviction and sentence to the Appellate Court of Illinois, First District raising one issue: the trial court failed to properly investigate his claim of ineffective assistance of counsel. On September 7, 1999, the Illinois Appellate Court rejected Davis' claim and affirmed his conviction and sentence. Davis sought leave to appeal to the Illinois Supreme Court raising the same issue. The Illinois Supreme Court denied his petition on December 23, 1999.

On July 6, 2000, Davis filed a petition for post-conviction relief raising three issues: (1)

ineffective assistance of trial counsel when counsel deliberately excluded photographs from his trial that were necessary for his defense of self-defense; (2) trial counsel failed to present the testimony of certain witnesses that could have testified about Davis' actions and his mental condition before and after the death of the decedent; (3) his 8th amendment rights under the United States Constitution were violated because of his innocence. On July 24, 2000, the Circuit Court of Cook County dismissed Davis' petition for post-conviction relief. On July 1, 2001, the Appellate Court affirmed the dismissal of the post-conviction petition. On December 5, 2001, the Illinois Supreme Court denied Davis' petition for leave to appeal.

Davis filed his original petition for writ of habeas corpus on February 15, 2002. On March 25, 2002, Davis filed an amended petition for writ of habeas corpus. In this amended petition, Davis raises the following six issues: (1) the trial court erred by failing to investigate Davis' allegations that his trial attorney was ineffective; (2) the trial court abused its discretion and denied Davis due process of law by dismissing Davis' post-conviction petition without an evidentiary hearing; (3) ineffective assistance of counsel where trial counsel failed to produce evidence at the motion-to-suppress hearing; (4) ineffective assistance of counsel of second appointed counsel at trial; (5) ineffective assistance of appellate counsel where appellate counsel failed to argue patently meritorious issues on direct appeal; (6) Davis' eighteen-year sentence must be vacated and the cause remanded for re-sentencing because the statue under which Davis was sentenced is unconstitutional.

## STANDARD OF REVIEW

The review of Davis' petition is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"). Under amended § 2254, in order for Davis to demonstrate that a writ of habeas corpus should be granted, he must show that the claim was

adjudicated on the merits in state court and that the adjudication either: (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

The first phrase of § 2254(d)(1) pertains only to questions of law and authorizes habeas relief when the state court's decision is "contrary to" clearly established federal law as determined by the Supreme Court. Lindh v. Murphy, 96 F.3d 856, 868 (7th Cir.1996), *rev'd on other grounds not relevant here*, 512 U.S. 320 (1997). Thus, federal courts are "free to express an independent opinion on all [constitutional] legal issues in the case." Lindh, 96 F.3d at 868-69. The second phrase of § 2254(d)(1) pertains to mixed questions of law and fact and authorizes habeas relief when the state court's decision involves an unreasonable application of clearly established federal law as determined by the Supreme Court. Id. at 870. This phrase "tells federal courts: Hands off, unless the judgment in place is based on an error grave enough to be called 'unreasonable.'" Id. A state court's application of Supreme Court precedent is reasonable if it is "at least minimally consistent with the facts and circumstances of the case." Hennon v. Cooper, 109 F.3d 330, 335 (7th Cir.1997). "[W]hen the constitutional question is a matter of degree, rather than concrete entitlements, a ... responsible, thoughtful answer reached after a full opportunity to litigate is adequate to support [a state court's] judgment." Lindh, 96 F.3d at 871. If a state court asks the "legally correct question [such as] whether the trial judge abused his discretion ... [then] the fact-specific answer cannot be called 'unreasonable' even if it is wrong ..." Id. at 876-77. Finally, any determination of factual issues made by a state court will be presumed to be correct unless petitioner can rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. §

2254(e)(1).

## ANALYSIS

I.  *Procedural Default*

In addition to the substantive burden Davis must meet to demonstrate that his writ of habeas corpus should be granted, Davis must also clear certain procedural hurdles. This court may not consider the merits of a petitioner's claim if that claim has been procedurally defaulted. Momient-El v. DeTella, 118 F.3d 535, 532 (7th. Cir.1997). Specific claims within a writ of habeas corpus will be denied as procedurally defaulted unless Davis has exhausted all the remedies available in state court according to state procedure as to each specific claim. 28 U .S.C. § 2254(b). Additionally, procedural default can occur where: (1) the petitioner presents an issue within a petition never before presented to the state court for review, see Rodriguez v. Peters, 63 F.3d 546, 555 (7th Cir.1995); (2) the petitioner has failed to properly and fairly raise the federal element of an issue now presented on petition first to the state court for review, see Verdin v. O'Leary, 972 F.2d 1467, 1472 (7th Cir.1992); or (3) the state court previously disposed of the issue on an independent and adequate state law ground, such as a state procedural bar. See Coleman v. Thompson, 501 U.S. 722, 729, 111 S.Ct. 2546 (1991).

In this case, it is undisputed that Davis has exhausted all of his state court remedies of relief. Upon review of Davis' records from the Illinois state court system, however, this court finds that claim (6) is procedurally defaulted for failure to present the issue before the state court first for review, that claims (1) and (2) are procedurally defaulted for failure to properly and fairly raise the federal element of an issue and that claims (1), (3), (4) and (5) are procedurally defaulted because the state court previously disposed of these four issues on an independent and adequate state law ground.

4

*A.      Procedure Default by Failure to Present Issues to State Court*

A state prisoner must give the state court system an opportunity to act on his constitutional claims before presenting those claims to a federal court in a habeas petition. See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 1731 (1999); Chambers v. McCaughtry, 264 F.3d 732, 737(7th Cir. 2001). To accomplish this, state prisoners must present and pursue fully any issue presented on writ through one complete round of the State's established appellate review process. Boerckel, 526 U.S. 838, 119 S.Ct. at 1732. This exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. Thus, claims that were never presented to the state courts cannot be raised for the first time in a federal habeas petition. See Rodriguez, 63 F.3d at 555.

Upon a complete review of the record in this case, this court finds that Davis has failed to present and pursue fully through one complete round of the Illinois' established appellate review process claim (6). In claim (6), Davis for the first time claims that the statute under which he was sentenced is unconstitutional following the decision of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000). As a result, claim (6) within Davis' petition for habeas relief is dismissed with prejudice as procedurally defaulted.

*B.      Procedure Default by Failure to Properly and fairly raise the Federal Element*

In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 112 S.Ct. 475, 480 (1991). A federal court may grant collateral relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This principle immediately disposes of Davis' argument that the Illinois trial court erred by

failing to investigate his allegations of ineffective assistance of counsel and also disposes of Davis' argument that the trial court abused its discretion in denying his petition for post-conviction relief without an evidentiary hearing, since both of these claims ask this court to review decisions made by state courts under state rules of law and do not ask for relief based on federal law.

As to Davis' claim regarding the trial court's failure to properly investigate his claim of ineffective assistance of counsel, the failure of a trial court to properly investigate a defendant's allegation is not, in of itself, a violation of federal law. That notwithstanding, the record in this case reveals that, the trial court did in fact inquire into Davis' allegations of ineffective assistance of counsel and ultimately provided to Davis new counsel to proceed to trial.

As to Davis' claim of not having an evidentiary hearing in connection with his petition for post-conviction hearing, Davis' has no constitutional right to any post-conviction appeals process, let alone an evidentiary hearing, therefore, the denial of an evidentiary hearing is not a violation of federal law. Again that notwithstanding, in affirming the Circuit Court's dismissal of Davis' post-conviction petition, the Illinois Appellate Court found Davis' post-conviction petition untimely and otherwise lacking in requisite support.

Upon review of the state court records, this court finds that the habeas claims stated in (1) and (2) are without a federal element. Claims (1) and (2) are both dismissed with prejudice as procedurally defaulted.

C.      *Procedure Default by Independent and Adequate State Court Grounds*

A habeas court "will not review a question of federal law decided by a state court if that decision rests on state law grounds that are independent of the federal question and adequate to support the judgment." Franklin v. Gilmore, 188 F.3d 877, 881 (7th Cir.1999). To be "independent," the state

court must have relied on a state procedural bar "as an independent basis for its disposition of the case." U.S. ex rel. Bell v. Pierson, 267 F.3d 544, 556 (7th Cir. 2001)(internal quote omitted). State rules are an "adequate" bar to federal review where they are firmly established and regularly applied at the time of the case being reviewed. Franklin, 188 F.3d at 882.

In this case, the Illinois Appellate Court, in an unpublished opinion, while granting the motion of the public defender for leave to withdraw as counsel and affirming the denial of Davis' petition for post-conviction relief, ruled that Davis' claims of ineffective assistance of trial counsel at trial and during his suppression hearing were res judicata. Additionally, the Illinois Appellate Court also found, in affirming the denial of Davis' petition for post-conviction relief, that Davis had failed to state a cognizable claim of ineffective assistance of appellate counsel in his post-conviction petition. Since the Illinois rule of res judicata, id. at 882-3, and failure to state a claim are independent and adequate state law grounds, Davis' claims of ineffective assistance of trial counsel stated in claims (1), (3), (4) and (5) are all dismissed with prejudice as procedurally defaulted.

D.      No Cause Shown to Save Procedurally Defaulted Claims

If a federal district court does not reach claims raised by a petitioner because of a procedural default, that court may nonetheless review the merits of such claims if the petitioner demonstrates cause sufficient for the default and actual prejudice as a result of the alleged violation of federal law. See Wainwright v. Sykes, 433 U.S. 72, 90-1, 97 S.Ct. 2497 (1977). In order for there to be sufficient cause, there must be a showing of some external impediment that prevented the petitioner from properly raising the claim. Murray v. Carrier, 477 U.S. 478, 488 (1986). In the alternative to demonstrating cause and prejudice, a petitioner may show that review of a procedurally defaulted claim is necessary to correct a fundamental miscarriage of justice. Coleman, 501 U.S. at 750. A fundamental miscarriage of

7

justice is a very narrow exception limited to extraordinary cases where the petitioner is actually innocent, and not merely legally innocent, of the crime convicted. See Steward v. Gilmore, 80 F.3d 1205, 1212 (7th Cir.1996). A fundamental miscarriage of justice is established by demonstrating that it is more likely than not that no reasonable juror would have convicted petitioner in light of new evidence. See Schlup v. Delo, 513 U.S. 298, 327 S.Ct. (1995).

In this case, Davis has made no showing of cause and no showing of prejudice for his failure to properly preserve claims (1), (2), (3), (4), (5) or (6) for review by this court. Additionally, Davis has not alleged nor presented any proof suggesting that this court needs to review any of his procedurally defaulted claims in order to avoid a fundamental miscarriage of justice.

II.   *Merits of Particular Procedurally Defaulted Claims*

In this amended habeas petition, each and every one of Davis' claims are procedurally deficient. This court will nonetheless address the merits of claims (4), (5), and (6).

A.   *Claim 4: Ineffective assistance of trial counsel*

The gravamen of Davis' claims before his bench trial started, at sentencing after his conviction, on direct appeal, on post-conviction appeal and now on habeas review is that trial counsel failed to present no less than seven witnesses and thirty-two photographs that corroborate his testimony concerning his mental state before and after the crime. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court stated that in order to succeed on a claim of ineffective assistance of counsel a defendant must show: (1) that trial counsel's representation was deficient; and (2) that this deficient performance resulted in prejudice to the defendant. If a defendant fails to make a sufficient showing of either prong, a reviewing court need not address the remaining prong and the entire claim must fail. Strickland, 466 U.S. at 697.

8

During sentencing Davis spoke at length about the nature of his grievances against his attorney and why certain evidence should have been presented. After his discussion, the Circuit Court did not order a new trial, but instead sentenced Davis to prison. On direct appeal, the Appellate Court found that the evidence at trial established that Davis stabbed the victim to death while the victim and Davis were fighting. The Appellate Court drew attention to the fact that Davis himself told the investigating detective that the victim was unarmed, but that he stabbed the victim anyway because he felt threatened by the victim. The Appellate Court ultimately found that the testimony of the investigating detective was sufficient to support Davis' conviction for second degree murder. The Appellate Court also found, in reviewing all the evidence omitted from trial, that although the photographs and witnesses omitted would have corroborated Davis' story and established Davis' mental state, the omitted evidence would not have impacted the detective's testimony. Accordingly, the Appellate Court determined the trial counsel's performance was not deficient in omitting certain evidence and Davis' trial was not prejudiced by their omission because the facts that the omitted evidence would have corroborated were already introduced through other evidence at trial and since the omitted evidence would not have refuted the detective's testimony.

This court finds that the Illinois Appellate Court's ultimate resolution of this issue not an unreasonable application of clearly established federal law. This court finds that there is no evidence to otherwise suggest that Davis' trial counsel was deficient in not submitting the thirty-two photographs and in not tendering the seven potential witnesses. This court also finds no evidence demonstrating how any alleged deficiency by trial counsel prejudiced Davis' case. Accordingly, Davis' claim for habeas relief for ineffective assistance of counsel for failure to produce certain evidence must be denied.

B.    *Claim 5: Ineffective Assistance of Appellate Counsel where counsel failed to argue patently meritorious issues on direct appeal.*

Davis argues that his appellate counsel failed to raise the issue concerning the prosecution's failure to prove him guilty of second degree murder beyond a reasonable doubt. Claims of ineffective assistance of appellate counsel are measured against the same standard as those dealing with ineffective assistance of trial counsel. People v. Childress, 730 N.E.2d 32, 35 (2000). A petitioner who contends that appellate counsel rendered ineffective assistance of counsel must show that the failure to raise an issue on direct appeal was objectively unreasonable and that the decision prejudiced petitioner. Id. (citation omitted). Unless the underlying issue is meritorious, petitioner suffered no prejudice from counsel's failure to raise it on direct appeal. Id.

On direct appeal, the Illinois Appellate Court held that the evidence at trial clearly established that defendant stabbed the decedent to death and also held that the testimony of the detective investigating the crime was sufficient to support Davis' conviction for second degree murder. Based on the appellate court's rulings, even if appellate counsel had raised a claim attacking the sufficiency of the State's evidence, such a claim would not have changed the decision of the appellate court. Accordingly, upon review of the trial and appellate record, this court finds that the appellate counsel's conduct during direct appeal not deficient and that any alleged deficiency did not prejudice Davis' appeal. Habeas relief based on ineffective assistance of appellate counsel must be denied.

C.    *Claim 6: The statute under which Davis was sentences is unconstitutional*

Davis states that he was sentenced to eighteen years imprisonment for second degree murder based on his prior convictions, and argues that his sentence is void as unconstitutional because he was given punishment beyond the statutory maximum based on facts not noticed in his indictment and not proven beyond a reasonable doubt. Apprendi holds that any fact other than the fact of a prior conviction

10

that increases the penalty for an offense beyond the statutory maximum penalty for that offense is an element of the [?] e and so must be submitted to the jury and proved beyond a reasonable doubt. 120 S.Ct. at 2362-[?] he statutory maximum sentence for a person convicted of second degree murder in Illinois is a term "not less than 4 years and not more than 20 years," 730 ILCS 5/5-8-1(a)(1.5), so there is no Apprendi problem if Davis received a sentence of 20 years or less. Talbott v. Indiana, 226 F.3d 866 (7th Cir.2000). Since Davis received a sentence of 18 years, there is no Apprendi violation and Davis' claim of unconstitutionality is without merit.

## CONCLUSION

For all the above stated reasons, Davis' amended petition for writ of habeas corpus is denied. Claims identified herein as (1), (2), (3), (4), (5) and (6) in support of his amended petition for writ of habeas corpus are all procedurally defaulted. Furthermore, upon review of the merits of claims (4), (5) and (6), this court finds those claims to be without merit. This case is dismissed in its entirety. All other pending motions are moot.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: May 30, 2002

11